UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONNIE O. BROWN, | ) | Case No. CV 14-5131-CAS (DTB) |
|           Petitioner, | ) | |
|    vs. | ) | ORDER TO SHOW CAUSE |
| JOHN N. KATAVICH, WARDEN,[1] | ) | |
|           Respondent. | ) | |

On June 25, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Eastern District of California. On July 1, 2014, the matter was transferred to the Central District. The Petition purports to be directed to a 2013 conviction sustained by petitioner in Los Angeles County Superior Court. (See Pet. at ¶¶ 1-2.) Petitioner purports to be raising four grounds for relief. (See Pet. at ¶ 10(a-d).)

---

[1] Petitioner has also named Jeffery Beard, Secretary of California Department of Corrections and Rehabilitation as a respondent in this action. However, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, John N. Katavich, the Warden of Wasco State Prison, in Wasco, California, where petitioner currently is incarcerated, is the only proper respondent in this case.

1        Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner
2   has exhausted the remedies available in the courts of the State.[2] Exhaustion requires
3   that the prisoner's contentions be fairly presented to the state courts and be disposed
4   of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24
5   (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a
6   claim has not been fairly presented unless the prisoner has described in the state court
7   proceedings both the operative facts and the federal legal theory on which his claim
8   is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d
9   865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438
10  (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

11       As a matter of comity, a federal court will not entertain a habeas corpus petition
12  unless the petitioner has exhausted the available state judicial remedies on every
13  ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.
14  Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that
15  he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155,
16  158 (3d Cir. 1982). However, the Ninth Circuit has held that, for purposes of
17  exhaustion, pro se petitions are held to a more lenient standard than counseled
18  petitions. See Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003); Peterson v.
19  Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc). The Ninth Circuit also has
20  held that a federal court may raise the failure to exhaust issue sua sponte and may
21  summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856
22  (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per

---

[2] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

    Here, it appears from the face of the Petition that petitioner did not exhaust his state remedies with respect to any of his grounds for relief. Petitioner did not list any California Supreme Court filings in the habeas petition form.[3] Indeed, in response to the question on the form asking whether he appealed from the conviction of sentence, petitioner checked off the "yes" box and advises the Court that the appeal is still pending. Petitioner also checked off the "yes" box in response to the question on the form asking whether he previously filed any petitions, applications, or motions with respect to this conviction in any court, state or federal. However, he lists only a filing with the Pasadena County Superior Court (Case No. GA088898) for modification of sentence/credit. Further, according to the California Appellate Courts website, there are no habeas petitions filed by petitioner in the California Supreme Court.

    If it were clear that the California Supreme Court would hold that petitioner's unexhausted claims directed to the 2013 conviction were procedurally barred under state law, then the exhaustion requirement would be satisfied.[4] See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson, 88 F.3d at 831; Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that

---

[3]     The Court notes that petitioner did not use the current form for a 2254 petitioner. Rather, petitioner used a form from 2002.

[4]     In that event, although the exhaustion impediment to consideration of petitioner's claims on their merits would be removed, federal habeas review of the claims would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

3

petitioner's unexhausted claims directed to the 2013 conviction are procedurally barred under state law. See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition).  The Court therefore concludes that this is not an appropriate case for invocation of either "exception" cited above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Further, the Court notes that this is not an appropriate case for invocation of the stay-and-abeyance procedure authorized by Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or the stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007).  The Rhines procedure applies to mixed petitions, and the Kelly procedure applies to fully exhausted petitions. See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir. 2009).  The Petition herein is neither; rather, it constitutes a petition containing solely unexhausted claims.  The Ninth Circuit has held in a post-Rhines decision that the stay-and-abeyance procedure does not apply to petitions containing solely unexhausted claims. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  A petition containing solely unexhausted claims must be dismissed. See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

/ / /
/ / /
/ / /
/ / /

Accordingly, on or before **August 8, 2014**, petitioner is ordered to show cause in writing, if any he has, why this action should not be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts for failure to exhaust state remedies.

DATED: July 7, 2014

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE