JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE O. BROWN,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>JOHN N. KATAVICH, WARDEN,<br><br>　　　　　Respondent. | Case No. CV 14-5131-CAS (DTB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

On June 25, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Eastern District of California. On July 1, 2014, the matter was transferred to the Central District. The Petition purports to be directed to a 2014 conviction sustained by petitioner in Los Angeles County Superior Court.[1] (See Pet. at ¶¶ 1-2.) Petitioner purports to be raising four grounds for relief. (See Pet. at ¶ 10(a-d).) After its initial review of the Petition, it appeared to the Court from the face of the Petition that petitioner had not exhausted his state remedies with respect to any of the four grounds raised therein, as

---

[1] The Court notes that the underlying judgment of conviction (Los Angles County Superior Court Case No. GA088898) was entered on May 21, 2014, and not May 21, 2013, as stated by petitioner. (See California Appellate Courts website at http://appellatecases.courtinfo.ca.gov.)

1

petitioner had not indicated that he has presented any of the claims in the Petition to the California Supreme Court prior to filing the instant Petition. As such, on July 7, 2014, the Court issued an Order to Show Cause ("OSC") ordering petitioner to show cause, if any he had, as to why this action should not be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts for failure to exhaust state remedies. Petitioner filed his Response ("Response") to the OSC on July 25, 2014.

In his Response, petitioner advises the Court that he filed a habeas petition in the California Supreme Court on June 30, 2014 as Case No. S219419 and that a notice of appeal has been received by the court of appeal as of June 24, 2014. (Response at 1.) Petitioner alleges that "the grounds [have] been presented to the highest state court" and that the Court "can make [a] determination on how it chose to proceed [sic]." (Id.) A review of the California Appellate Courts website reveals that on June 20, 2014, petitioner filed a habeas petition in the California Supreme Court (Case No. S219419). However, as of this date, the California Supreme Court has not issued its ruling granting or denying petitioner's habeas petition. As this state habeas petition is still pending, petitioner has not exhausted his available state remedies.

As previously noted by the Court, under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in the courts of the State.[2] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225,

---

[2] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). However, the Ninth Circuit has held that, for purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions. See Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003); Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc). The Ninth Circuit also has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Here, it appears from the face of the Petition that petitioner has not exhausted his state remedies with respect to any of the four grounds raised in the Petition as his habeas petition filed with the California Supreme Court is still pending. A review of the California Appellate Courts website reveals that petitioner's judgment of conviction was entered on May 21, 2014 in Los Angeles County Superior Court Case No. GA088898. Petitioner filed a notice of appeal on June 24, 2014 in Case No. B257331. On July 17, 2014, the court of appeal issued an order stating that the appeal was limited to non-certificate issues. On June 20, 2014, petitioner filed a habeas petition with the California Supreme, which is currently pending.

If it were clear that the California Supreme Court would hold that petitioner's unexhausted claims directed to the 2014 conviction were procedurally barred under state law, then the exhaustion requirement would be satisfied.[3]  See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson, 88 F.3d at 831; Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's unexhausted claims directed to the 2014 conviction are procedurally barred under state law.  See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition).  The Court therefore concludes that this is not an appropriate case for invocation of the "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Further, the Court notes that this is not an appropriate case for invocation of the stay-and-abeyance procedure authorized by Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or the stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007).  The Rhines

---

[3]  In that event, although the exhaustion impediment to consideration of petitioner's claims on their merits would be removed, federal habeas review of the claims would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice."  See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

procedure applies to mixed petitions, and the Kelly procedure applies to fully exhausted petitions. See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir. 2009). The Petition herein is neither; rather, it constitutes a petition containing solely unexhausted claims. The Ninth Circuit has held in a post-Rhines decision that the stay-and-abeyance procedure does not apply to petitions containing solely unexhausted claims. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). A petition containing solely unexhausted claims must be dismissed. See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed, without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 25, 2014

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
David T. Bristow
United States Magistrate Judge